UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY BROCUGLIO, SR., <br>         Plaintiff, <br> <br> v. <br> <br> WILLIAM PROULX, ET AL., <br>         Defendants. | CIVIL ACTION NO. <br> 3:99cv1888 (SRU) |

## RULING ON MOTIONS FOR ATTORNEYS' FEES

In September 1999, Anthony Brocuglio brought a lawsuit against the Town of East Hartford and various East Hartford officials, including the mayor, deputy mayor, police chief, and three police officers, alleging numerous violations of his civil rights under 28 U.S.C. § 1983 and state law.  Brocuglio's claims arose out of an incident on September 27, 1996 when several East Hartford police officers, accompanied by a police dog, went to Brocuglio's home to ticket abandoned vehicles.  The police visit culminated in a physical and verbal altercation between Brocuglio and the officers.  In January 2002, I granted summary judgment in favor of Brocuglio on his unreasonable search and seizure claim, and on October 18, 2005, following a jury trial, the jury awarded Brocuglio nominal damages of $20 on that claim.  The jury returned a verdict in favor of defendants on all other counts.

Brocuglio has filed two motions for attorneys' fees.[1]  For the reasons that follow, the motions are denied.

---

[1] Brocuglio was represented by two different lawyers during this litigation.  Each lawyer has filed a motion for attorneys' fees.

I.   Discussion

   A.   <u>Legal Standard</u>

The district court has discretion in assessing whether a party is entitled to attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In a section 1983 action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b). A nominal damages award may confer "prevailing party" status on a litigant in a technical sense. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992). That does not mean, however, that the prevailing party is necessarily entitled to an award of attorneys' fees. *Id.* Once a court determines that a plaintiff is a prevailing party, the court must then assess the plaintiff's overall success to determine if a fee award is reasonable. *Id.* (citing *Hensley*, 461 U.S. at 424).

The Supreme Court has delineated 12 factors that courts may consider in assessing the reasonableness of attorneys' fees. *See Hensley*, 461 U.S. at 430, n.3. The degree of success of litigation is the most important factor that a court must consider in determining whether or not to award attorneys' fees. *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005) (citing *Hensley*, 461 U.S. at 424). The Supreme Court has suggested that, although an award of nominal damages may be sufficient to make a plaintiff the "prevailing party," nominal damages are not enough to entitle the plaintiff to an award of attorneys' fees. *Farrar*, 506 U.S. at 114-16. Indeed, in determining whether to award attorneys' fees in civil rights litigation, courts must give "primary consideration to the amount of damages awarded as compared to the amount sought." *Id.* at 114. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all." *Id.* at 115. After considering the amount and nature of damages awarded, "the court may

lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness."
*Id.* at 115.

  B. <u>Reasonableness of an Attorneys' Fees Award</u>

  An award of attorneys' fees is not reasonable in this case, because Brocuglio's degree of success is minimal, and the amount of damages recovered is negligible compared to the amount sought.

  The fact that Brocuglio may be a prevailing party in a technical sense is not sufficient to award him attorneys' fees. Throughout the past seven years of this litigation, up to and including the point of jury deliberations, Brocuglio maintained that his civil rights had been violated in the following seven ways – unlawful arrest, excessive force, malicious prosecution, substantive due process deprivation, unreasonable search and seizure, intentional infliction of emotional distress, and a violation of Conn. Gen. Stat. § 22-357 (the Connecticut dog bite statute). He maintained claims against seven different defendants. Brocuglio sought compensatory damages, punitive damages, attorneys' fees, and costs.

  Ultimately, however, the jury rejected each of Brocuglio's claims, except the one on which I instructed them to award at least nominal damages. The jury awarded Brocuglio $10 for each of two defendants on one of his claims, unreasonable search and seizure, for which I had granted summary judgment in Brocuglio's favor. The jury awarded only nominal damages on the claim, thereby indicating that Brocuglio had failed to prove that he suffered actual, compensatory injury. *See Farrar*, 506 U.S. at 115. Comparing Brocuglio's award of $20 nominal damages on one claim against two defendants with the extensive list of claims, defendants, and damages he pursued throughout this litigation, I conclude that his degree of success was extremely minimal.

Because Brocuglio achieved so little success, an award of attorneys' fees would not be reasonable.

Brocuglio argues that I should award him attorneys' fees, in part, because the purpose of section 1988 is to encourage lawyers to represent section 1983 plaintiffs.  That purpose, however, must be analyzed within the context of the parameters established by the Supreme Court and the Second Circuit for assessing whether an award of attorneys' fees is reasonable in a particular case.

Additionally, Brocuglio argues that the recent Connecticut Supreme Court decision in *Simms v. Chaisson*, 277 Conn. 319 (2006), interpreting *Farrar v. Hobby*, 506 U.S. 103 (1992), is persuasive authority for the proposition that Brocuglio is entitled to attorneys' fees.  The *Simms* decision did not depart from the holding in *Farrar*, as Brocuglio suggests; *Simms* simply emphasized that *Farrar* is not a per se bar to an award of attorneys' fees when a plaintiff only recovers nominal damages.  The test for whether an award of attorneys' fees is reasonable involves a comparison of the damages sought with the damages awarded, leading to the conclusion that when a prevailing party recovers only nominal damages, "the only reasonable fee is *usually* no fee at all."  *Simms*, 277 Conn. at 328-29 (citing *Farrar*, 506 U.S. at 115).

Applying the *Farrar* test, the *Simms* Court reasoned that in a case where a plaintiff seeks very minimal damages and recovers very minimal damages, an award of attorneys' fees may be appropriate, because the amount recovered would be comparable to the amount sought.  That is not the case here, where Brocuglio sought a substantial damages award but recovered only $20.  Additionally, the *Simms* Court suggested that when a prevailing party recovers only nominal damages in addition to the comparing the amount of damages sought with the amount recovered,

courts should also consider: (1) the significance of the legal issue on which the plaintiff prevailed, and (2) whether the plaintiff's suit accomplished some public goal.  *Simms*, 277 Conn. at 328-29 (citing *Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring)).  Although Fourth Amendment violations raise an important legal issue, Brocuglio's lawsuit sprung out of a personal dispute between Brocuglio and East Hartford and did not, in any meaningful sense, seek to accomplish a public end.  This litigation was motivated by private goals, not public goals.

In this case, attorneys' fees are not appropriate, because Brocuglio sought a significant amount of damages from a large number of defendants on a variety of legal claims and only recovered $10 from each of two defendants on a single cause of action.  Brocuglio's principal complaint was a claim of excessive force – a claim he lost at trial.

## II.     Conclusion

After considering the amount and nature of damages awarded, and comparing those damages to the amount of damages Brocuglio sought, I conclude that Brocuglio is not entitled to attorneys' fees.  He failed to prove that he suffered actual damages on the unreasonable search and seizure claim.  The jury ruled against him on all other claims.  Giving primary consideration to Brocuglio's degree of success, I conclude that it would be unreasonable to award him attorneys' fees.

Brocuglio's motions for attorneys' fees (**docs. # 162 and 173**) are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 18th day of May 2006.

                                                /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge