UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY BROCUGLIO, SR.,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM PROULX, ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:99cv1888 (SRU) |

### RULING ON MOTION FOR RECONSIDERATION OF RULING DENYING ATTORNEYS' FEES

In September 1999, Anthony Brocuglio brought a lawsuit against the Town of East Hartford, the Town's mayor, deputy mayor, police chief, and three police officers, alleging numerous violations of his civil rights. Brocuglio's claims arose out of an incident on September 27, 1996, when Officers William Proulx and James O'Connor went to Brocuglio's home, accompanied by a police dog, to ticket abandoned vehicles. That visit culminated in an altercation between Brocuglio and the officers. In January 2002, I granted summary judgment in favor of Brocuglio on his unreasonable search claim against Proulx and O'Connor. Defendants appealed my ruling, and in June 2003, the Second Circuit Court of Appeals issued a summary order, dismissing the appeal.[1] On October 18, 2005, following a jury trial, the jury awarded Brocuglio nominal damages of $20 on that claim. The jury returned a verdict in favor of all defendants on all other counts. The clerk entered final judgment on all claims and parties on October 26, 2005.

In November 2005 and December 2005, Brocuglio filed two motions for attorneys' fees. In May 2006, I denied the motions for attorneys' fees. *See* Ruling on Motions for Attorneys'

---

[1] *Brocuglio v. Proulx*, 67 Fed. Appx. 58 (2d Cir. 2003) (non-precedential summary order).

Fees (doc. # 189). In June 2006, Brocuglio filed a motion to reconsider my ruling denying his motions for attorneys' fees. For the reasons that follow, the motion to reconsider is granted,[2] but the relief requested is denied.

## I. Standard of Review

In general, there are three grounds that may justify reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005). It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided. *Id.* A motion to reconsider should be denied, "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

## II. Discussion

Brocuglio makes four principal arguments. First, East Hartford Police Department's policy changes relating to warrantless searches have fulfilled a public purpose, and therefore, I should award him attorneys' fees. Second, I failed to consider Brocuglio's unreasonable search

---

[2] Brocuglio has not technically met the standard for reconsideration, because he is, in effect, re-litigating issues I have already decided. For the most part, he has not pointed to controlling legal principles or facts that I overlooked, but rather, he cites the same principles that I applied in my original ruling and merely re-argues those principles. Nevertheless, for the purpose of completeness, I address all of the arguments made in the motion for reconsideration.

and seizure claim as a discrete claim and impermissibly considered whether to award him attorneys' fees in light of his unsuccessful claims. Third, Brocuglio complains that I should not have ruled on his motion for attorneys' fees before ruling on his motion for a new trial. Finally, in his reply brief, Brocuglio argues for the first time that the Supreme Court's holding in *Hudson v. Michigan*, 547 U.S. ____, 126 S. Ct. 2159 (2006), suggests that I should award attorneys' fees in this case because it involves a claim of unreasonable search and seizure.

A. Public Purpose

Brocuglio complains that he "is entitled to an award of attorney[s'] fees because his successful claim of unreasonable search and seizure against Officers Proulx and O'Connor achieved a significant public goal by materially altering the Town of East Hartford's policies respecting warrantless searches on private property." Brocuglio's Memorandum in Support of Motion for Reconsideration at 3. In addition, Brocuglio asserts that "[i]n issuing its [o]rder, the [c]ourt failed to consider the appropriate factors set forth in the controlling law." *Id.*

On the contrary, in my initial ruling on Brocuglio's motions for attorneys' fees, I considered the appropriate controlling legal principles and will not repeat that discussion at length here. *See* Ruling on Motions for Attorneys' Fees (doc. # 189) at 2-5 (discussing *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005); *Simms v. Chaisson*, 277 Conn. 319 (2006)).

Still, Brocuglio cites *McGrath v. Toys "R" Us, Inc.*, 409 F.3d 513 (2d Cir. 2005),[3] for the proposition that I failed to consider appropriate factors set forth in controlling law, specifically

---

[3] In *McGrath*, the District Court awarded the plaintiffs attorneys' fees, finding that, although they recovered only nominal damages on their civil rights claim, the nominal victory fell within the public purpose exception.

arguing that, in *McGrath*, the Second Circuit explicitly adopted the "public purpose exception" mentioned in *Farrar*. First, in my previous ruling, I addressed the potential application of the "public purpose exception" to this case; thus, it was not a legal or factual matter that I overlooked. *See* Ruling on Motions for Attorneys' Fees (doc. # 189) at 4-5.

Second, and more importantly, *McGrath* does not advance Brocuglio's position. In *McGrath*, the Second Circuit, applying federal precedent, actually held that the "plaintiffs' suit does not qualify as one of the 'rare' cases to satisfy the public purpose exception under this court's precedents . . . ." *McGrath*, 409 F.3d at 519 (citing *Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir. 1996); *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994)). The Court re-iterated the general rule that "an 'award of fees' to a plaintiff recovering nominal damages 'will be rare,' appropriate only when a plaintiff's success relies on a 'new rule of liability that serve[s] a significant public purpose.'" *Id.* at 518 (citing *Pino*, 101 F.3d at 238-39). The Court continued: "'the vast majority of civil rights litigation does not result in ground-breaking conclusions of law,' and will warrant fee awards only 'if a plaintiff recovers some significant measure of damages or other meaningful relief.'" *Id.* (citing *Pino*, 101 F.3d at 238-39). In *McGrath*, even though the plaintiffs, who were transsexuals, sought protection against discrimination based on public accommodation laws, the Court held that the "[p]laintiffs' success in this case did not establish a groundbreaking legal theory." *Id.* Because the plaintiffs did not "establish a new legal theory," but rather sought to enforce a right that had already been recognized, the Court held that the public purpose exception did not apply. Even applying the slightly broader public purpose exception under New York law, the Court still did not find that the public purpose exception applied. Rather, the Court remanded the case to the District Court for further findings

in accordance with those principles under New York law. *Id.* at 520-23.

It is unclear why Brocuglio thinks that *McGrath* advances his position. Undoubtedly, the Second Circuit has recognized a public purpose exception, as Brocuglio suggests. *See, e.g., id.* at 518-20. Still, the exception is very limited. *Id.* When a plaintiff, through the prosecution of a civil rights lawsuit, creates a "new rule of liability that serve[s] a significant public purpose," he may be entitled to attorneys' fees even though the jury awards him only nominal damages. *Id.* at 518; *Pino*, 101 F.3d at 239. That limited exception does not subsume the general rule that, when a plaintiff wins only nominal damages, attorneys' fees "are usually not appropriate." *Compare Cabrera*, 24 F.3d at 393 (awarding attorneys' fees because plaintiffs created a new rule of liability, even though they only won nominal damages)*, with Pino*, 101 F.3d at 239 (recognizing "how limited" the holding in *Cabrera* is and declining to award attorneys' fees by applying the general rule that "the vast majority of civil rights litigation does not result in ground-breaking conclusions of law"). Brocuglio's claim for unreasonable search and seizure based on the defendants' unlawful entry into this back yard did not create a new rule of liability, nor did it advance a ground-breaking legal theory. Indeed, I denied the defendants qualified immunity because the illegality of the search was "clearly established" at the time. Even if, as Brocuglio argues, the East Hartford Police Department has changed the way it conducts warrantless searches and seizures as a result of this case,[4] that would still not meet the requirements of the limited public purpose exception.

    B.    <u>Whether Search and Seizure Claim Should be Treated as a Discrete Claim</u>

In determining whether an award of attorneys' fees is appropriate, the most important

---

[4] There is no evidence in the record to support that position.

consideration is "the degree of success obtained." *Kassim*, 415 F.3d at 254 (internal citation omitted). This is a "unitary case – involving a common core of facts, litigated on a single theory or closely related theories," in which Brocuglio achieved very limited success. *Cf. id.* As such, it "cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435. Rather, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

I considered those principles in my original ruling, and Brocuglio has not pointed to any controlling facts or legal principles that I have overlooked. Thus, in this case, the appropriate fee is "no fee at all." *See Farrar*, 506 U.S. at 115.

C. Brocuglio's Motion for a New Trial

In light of the fact that I have denied Brocuglio's motion for a new trial, *see* Ruling Denying Brocuglio's Motion for a New Trial (March 23, 2007), this argument is now moot.

D. The Effect of the Supreme Court's Ruling in *Hudson v. Michigan*

In *Hudson*, 126 S. Ct. at 2159, the Supreme Court held that, in the context of a criminal case, a violation of the "knock-and-announce" rule does not necessarily require suppression of evidence found in the subsequent search. In dicta, the Court suggested that the exclusionary rule might not be necessary for the purpose of deterring law enforcement officials, because an aggrieved citizen could file a section 1983 action to recover damages for such a civil rights violation. *Id.* at 2167. The Court also addressed the public policy concern that it might be hard to find a lawyer to take such a case by responding that "42 U.S.C. § 1988(b) answers this objection." *Id.*

Brocuglio argues that the Court's reference to section 1988, in dicta in the context of a

criminal case, mandates an award of attorneys' fees in this case. I disagree. First, I already addressed the public policy behind the attorneys' fee statute in my initial ruling. *See* Ruling on Motions for Attorneys' Fees (doc. # 189) at 4. Second, at this point, *Hudson* does not alter controlling precedent regarding an award of attorneys' fees to a plaintiff in a civil rights case who wins only nominal damages and does not fit within the public purpose exception. The Second Circuit has not yet interpreted *Hudson* with respect to a claim for attorneys' fees in the context of an unreasonable search and seizure claim, nor does the *Hudson* decision itself suggest that a departure from existing precedent is mandated in this case. Third, *Hudson* involved the "knock-and-announce" rule, whereas Brocuglio's claim was one for unreasonable searches and seizures in a more general sense. *Hudson* does not hold that the exclusionary rule would never be an appropriate remedy in the context of an unreasonable search or seizure; thus, the policy behind the suggestion in *Hudson* with respect to "knock-and-announce" violations does not even necessarily apply to an unreasonable search and seizure based on the failure of the seizing officers to obtain a warrant before entering the constitutionally protected curtilage.

### III. Conclusion

Therefore, for the reasons discussed above, as well as for the reasons discussed in my initial ruling on Brocuglio's motions for attorneys' fees, *see* Ruling on Motions for Attorneys' Fees (doc. # 189), Brocuglio's Motion for Reconsideration (**doc. # 190**) is **GRANTED** but the

relief requested is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 23rd day of March 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge